IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-cv-000124-FL

| | |
|---|---|
| LINDA GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court on the parties' motions for judgment on the pleadings (DE ## 18, 24), with benefit of memorandum and recommendation ("'M&R'") submitted on June 26, 2008, by Magistrate Judge William A. Webb. Plaintiff has objected to the M&R, (DE #30), the time period for any further response has ended, and the matter is ripe for ruling. For the following reasons, the court adopts the magistrate judge's recommendation and therefore grants defendant's motion for judgment on the pleadings and denies plaintiff's motion for judgment on the pleadings.

STATEMENT OF THE CASE

Plaintiff filed her application for disability benefits on May 17, 2004, for alleged disabilities beginning on November 1, 2003. Tr. 11. Plaintiff's application was denied initially and upon reconsideration. Id. Pursuant to her timely request a hearing was held before an Administrative Law Judge (hereinafter ALJ). Id. On September 28, 2006, the ALJ issued an unfavorable decision denying disability benefits to the claimant. Tr. 11-19. Plaintiff requested a review of the ALJ's decision which was denied by the Appeals Council on May 22, 2007, rendering the ALJ's

determination the final decision of the Commissioner. Tr. 2. Plaintiff filed the instant action on July 20, 2007. Compl.

## STATEMENT OF THE UNDISPUTED FACTS

At the time of the administrative hearing on November 17, 2005, plaintiff was fifty-one years of age. Tr. 247. She completed high school and has two years of college level education. Id. Plaintiff's relevant employment was at The Bladen County and Columbus County Departments of Social Services beginning in 1988 and continuing until October, 2003, just prior to the alleged date of disability.[1] Tr. 248-49. At the hearing plaintiff testified that her current limitations began in October, 2002, when she fell at her sister's house. Tr. 250. She reported that since that time she has had neck pain, back pain, and pain in her hands, knees, and feet. Tr. 250-51. She testified that she had a stroke, and subsequently suffers from memory loss and left sided weakness. Tr. 251-52, 256. According to plaintiff, this sometimes causes her to forget to take her medicine. Tr. 252. She advised that sometimes her medication helps with the pain. Tr. 253, 255. She also reported that she has suffered from depression since 2003. Tr. 255. At the time of hearing she was prescribed Prozac, Zyprexa, and Trazadone for her depression. Tr. 256. She used to take medication for high blood pressure but no longer has to. Tr. 257. Plaintiff also complained of tremors in her hands in the mornings. Tr. 257-58. She testified that she has problems with bone density that could eventually cause her to be "'crippled.'" Tr. 258-59. She also testified that she had a heart attack in the past, which affected her kidney function, and that she is tired all the time. Tr. 259. She reported that her

---

[1] Plaintiff, in what appears to be a typographical error in her memorandum in support, indicates that "'she stopped work in October, 2002,'" but the transcript of the administrative hearing demonstrates that she stopped work in October, 2003. Tr. 248-49. Plaintiff testified that the fall that precipitated some of her back pain occurred in October, 2002, however. Tr. 250.

2

Case 7:07-cv-00124-FL   Document 31   Filed 08/29/08   Page 2 of 10

medication makes her drowsy, and that she can perform chores around the house but that "'I suffer from doin' it.'" Tr. 260. According to plaintiff, her husband performs most of the chores around the house. Tr. 261-63. She claims that she can walk no farther than her mailbox, and can stand no longer than ten minutes without pain. Tr. 263. She advised that she does not get out as often as she used to. Tr. 266-67. At the time of the hearing, the last time she had driven was the previous Monday. Tr. 266. At the hearing plaintiff's husband testified and essentially corroborated plaintiff's testimony. Tr. 269-276.

In his decision, after an extensive assessment of the relevant medical evidence, the ALJ employed the five-step evaluation required by regulation. First, the ALJ found that plaintiff is no longer engaged in substantial gainful employment. Tr. 13. At step two, the ALJ found that plaintiff suffered from the following severe impairments: 1) polyarthralgias and 2) depression. Id. In completing step three the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 14. The ALJ then proceeded with step four of his analysis and determined that plaintiff was not able to perform her past relevant work as a child agent for social services and as an income maintenance worker for social services. Tr. 18. At step five, the ALJ found that there were jobs that plaintiff could perform and that these jobs existed in significant numbers in the national economy. Id. Accordingly, the ALJ determined that plaintiff was not under a disability at any time through the date of his decision. Tr. 19.

## DISCUSSION

A.  Standard of Review

The court may "'designate a magistrate . . . to conduct hearings, including evidentiary

3

hearings, and submit to a judge of the court proposed findings of fact and recommendations for disposition'" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). "'The magistrate . . . shall file his proposed findings and recommendations . . . with the court[.]'" 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "'the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Id. The court is obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of benefits under 42 U.S.C. sections 405(g) and 1383(c)(3). It must uphold the findings of an ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). "'Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971).

In its inquiry, the court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "'Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Id. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

4

B. Plaintiff's Argument

In his M&R the magistrate judge engaged in an extensive analysis of evidence in the record, determined that substantial evidence supported the ALJ's decision, and recommended that the court uphold the Commissioner's determination with respect to plaintiff's disability claims. Plaintiff objects to the M&R on six bases, which the court considers in turn. With the exception of the first objection, each of plaintiff's objections essentially restates plaintiff's original arguments in support of judgment on the pleadings, without meeting head on the magistrate judge's analysis. Plaintiff primarily lists the same evidence from the record, restates the same argument addressed by the magistrate judge in his M&R, and urges the court to insert its own decision for that of the original fact finder. Such reweighing of the evidence is impermissible, however, and, absent a lack of substantial evidence or an improper application of the law, the court may not substitute its own judgment for that of the ALJ. Mastro, 270 F.3d at 176.

Plaintiff first offers a somewhat inchoate argument regarding the magistrate judge's assessment of the factual record. Pl.'s Obj. M&R pp. 2-3. Plaintiff appears to be arguing that the magistrate judge erred when he referred to evidence in the record that had not been referred to first by the government in its brief. Id. Plaintiff states her argument as follows:

> The Plaintiff objects to the Magistrate's Memorandum and Recommendations as not being based on a review of the arguments raised by the Government in its Arguments contained in its Memorandum in support of Motion for Judgment on the Pleadings (Government's arguments (P.5 and Statement of Facts.(Rp.2)
>
> The Plaintiff objects to the Government's Memorandum and Recommendation based on the Magistrate's making its independent finding of facts based on his review of the Administrative Record, which is substantially different from the Statement of Facts and Arguments made by the Government in its Memorandum. The Government in its Memorandum of Law only made page references to the following: 180-208, 189, 188, 183, 182, 181, 1222-126, 218-238,

5

> 236, 237, 235, 234, 233, 229, 228, 227, 224-225, 222, 218-220, 221, 209-212, 209, 212.
>
> The Magistrate made substantial Finding of Facts and Recommendation based on his Finding of Facts from the Administrative Record. The following is a list of the references contained in the Magistrate's Memorandum and Recommendations in which no references were contained in the Government's Memorandum.(13, 14, 18, 19, 16, 203, 201, 199, 136, 198-199, 198, 194, 193, 191, 190, 129, 131-134, 131,134,150-163, 153, 160, 161, 164-165, 166, 217, 168-175, 179, 170-172, 209-212, 213-214, 215, 240-242, 250, 251-252, 253, 255, 257, 259, 269, 261, 263-264, 265, 266-267.) The above references to the Administrative Record were additional page references by the Magistrate from his finding of facts on without any references by the that the Government did not raise in its Memorandum [sic].

Id. Plaintiff apparently misunderstands the relative roles of the parties involved, and may be conflating the rule that the magistrate judge may not support his decision by reference to portions of the record not referenced by the ALJ himself, see, e.g., Patterson v. Bowen, 839 F.2d 221, 225 (4th Cir. 1988) ("'We must . . . affirm the ALJ's decision only upon the reasons he gave.'") (citing S.E.C. v. Chenery Corp., 318 U.S. 80 (1943)), with the entirely inapposite relationship between government advocate and magistrate judge. Although the magistrate judge may not make findings of fact, id., he is not limited in his review of the record to only those facts mentioned by the government in its memorandum in support of judgment on the pleadings. Plaintiff does not allege that the magistrate judge impermissibly bolstered the ALJ's determination by making new findings of fact, therefore, plaintiff's argument is without merit and need not be addressed further.

Plaintiff next contends that the magistrate judge erred when he found that substantial evidence supported the ALJ's findings regarding the severity of plaintiff's impairment. The primary thrust of plaintiff's objection here is that the ALJ failed to give sufficient weight to the medical opinion evidence offered by plaintiff's treating physician, and that the ALJ ignored evidence in the record.

6

With respect to the latter argument, plaintiff makes bald unsupported and unreasoned allegations, citing randomly to various pieces of evidence in the record without explaining why they are significant. She alleges without pointing to any specific portion of the opinion that "'the ALJ improperly evaluated and failed to explain his reasons.'" Pl.'s Ob. M&R p. 4. The mere allegation that the ALJ failed to explain his reasons does not defeat the direct evidence presented by the ALJ's decision itself, in which he explains his reasons for crediting the various pieces of medical evidence as he did.[2] See Tr. 14-18.

With respect to the weight given medical opinion, a treating physician's medical opinion will only be entitled to controlling weight "'if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Pursuant to this requirement, if a physician's opinion lacks sufficient clinical evidence or if it is in conflict with other substantial evidence in the record it should be accorded significantly less weight. Craig, 76 F.3d at 590. Thus, "'under such circumstances the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence.'" Mastro, 270 F.3d at 178, citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Finally, an ALJ "'may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings.'" Wireman v. Barnhart, 2006 WL

---

[2]For example, in finding that plaintiff's impairment does not meet Listing 1.02, the ALJ described the evidence relevant to plaintiff's polyarthralgias, Tr. 14, and in finding that her depressive syndrome does not meet Listing 12.04, he described her psychological history. Tr. 14-15. In making his RFC determination, the ALJ considered plaintiff's history in both of the above categories, as informed by plaintiff's own testimony, the ALJ's assessment of plaintiff's credibility, his assessment of the various medical evidence, and onflicts in that evidence. Tr. 15-17. Without more, plaintiff's bare assertion that the ALJ's reasons are not adequate does not raise any additional issues for the court to address.

2565245 (Slip Op. at 8) (W.D. Va. 2006).

Upon *de novo* review of the record, the court finds that the magistrate judge did not err in upholding the ALJ's decision to assign decreased weight to the medical opinion of one of plaintiff's treating sources. The magistrate judge concluded, and this court concurs, that the ALJ provided an adequately explained rationale for discounting the weight of Dr. Dukes' opinion. Specifically, the ALJ noted the internal inconsistency of Dr. Dukes' records. Tr. 18. Furthermore, this court finds that persuasive evidence conflicts with Dr. Dukes' opinion, and that substantial evidence supports each of the ALJ's findings with respect to these opinions. Tr. 14-15.

Plaintiff's next objection amounts to an argument that the ALJ improperly assessed plaintiff's level of pain. Plaintiff contends that the plaintiff's "'subjective testimony supported by the overwhelming medical evidence, as in this case, satisfied [the two step test for disability due solely to pain].'" Plaintiff provides no support for this contention. In the M&R, the magistrate judge described at length the ALJ's specific factual findings in support of his credibility determination. M&R pp. 12-13. Specifically the ALJ considered plaintiff's daily activities, compliance with medications, and failure to provide documentation for certain allegedly severe medical conditions.[3] M&R p. 13. The magistrate judge concluded that substantial evidence supported the ALJ's determination, and the court agrees. Even were the court to disagree with the ALJ's findings, which it does not, the court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" Mastro, 270 F.3d at 176; see also Hays, 907 F.2d at 1456.

---

[3]For example, the magistrate judge noted that, although plaintiff claims to have suffered a stroke, and a heart attack, she provided no documentation for either event. Tr. 13, 18. In fact, one of plaintiff's treating physicians noted that plaintiff has no known history of heart disease. Tr. 18.

8

Plaintiff's next objection is an amalgam of the previous three objections. Plaintiff asserts without evidentiary support that the ALJ's decision is not supported by substantial evidence or adequate reasoning, that the ALJ improperly assessed credibility, and that the ALJ and magistrate judge improperly evaluated medical opinion evidence. For the reasons given above, plaintiff's various arguments in this objection fail.

Plaintiff does provide on concrete argument in support of her third objection. She contends that "'ALJ gave the most weight to the State Agency medical consultant who performed only a review of the medical evidence from Plaintiff's treating and examining physicians, and who should be accorded the least weight.'" Pl.'s Obj. M&R p. 7 (emphasis in original). The relevant portion of the ALJ's opinion reads:

> I have considered the medical opinions of evaluating physicians and the state agency medical consultants that the claimant could perform less demanding work at the medium exertional level. I accord the State Agency general opinions significant weight as their opinions are generally consistent with the other evidence of the record.

Tr. 18. The ALJ does not report that he gave "'the most'" weight to the State Agency examiners but only that he gave "'substantial'" weight. As explained above. he found Dr. Dukes' opinion inconsistent with the objective medical evidence in Dr. Dukes' own records. The ALJ's decision to assign more weight to the medical opinion evidence most consistent with the record as a whole is permissible and appropriate. Craig, 76 F.3d at 59; see also Mastro, 270 F.3d at 178.

Next, plaintiff argues that the ALJ improperly assessed plaintiff's capacity with respect to daily activities. Plaintiff cites Eight Circuit case law in which the court of appeals rejected an ALJ's findings because his findings conflicted with a claimant's own allegations regarding her ability to perform daily activities. Here, the relevant finding by the ALJ reads:

9

Specifically, the claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. For instance, she takes care of her personal needs, puts clothing in the dryer, makes the beds, occasionally cooks, cleans the bathroom, goes to church, talks on the telephone, drives, and shops for clothes.

Tr. 17, M&R p. 13. The above cited section from the ALJ's decision is based directly on plaintiff's testimony at the administrative hearing. Tr. 259-67. In other words, the ALJ's recitation does not conflict with plaintiff's assessment of her functional capacity, it adopts it wholesale. Plaintiff's argument is therefore without merit.

Finally, plaintiff argues that the ALJ failed properly to incorporate an assessment of the totality of plaintiff's impairments when he assigned an RFC of medium work. In fact, the ALJ specifically detailed the evidence regarding plaintiff's alleged limitations due to pain, Tr. 16, and depression, Tr. 16-17. Based on the ALJ's decision and a careful review of the record in this case, plaintiff's final objection is without merit.

## CONCLUSION

After careful review of the record in this case, the court finds that the law and substantial evidence supports the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 18) is DENIED, defendant's motion for judgment on the pleadings (DE # 24) is GRANTED, and the final decision of the Commissioner is UPHELD. The clerk is directed to CLOSE this case.

SO ORDERED, this the 29th day of August, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge